```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/9/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JASON TORRES,

                Petitioner,

-v-

MARK L. BRADT, Superintendent, Elmira
Correctional Facility,

                Respondent.

------------------------------------------------------------X

10 Civ. 8108 (JMF) (MHD)

ORDER ADOPTING
REPORT AND
RECOMMENDATION

JESSE M. FURMAN, United States District Judge:

    This petition for a writ of habeas corpus from a state court conviction, filed pursuant to Title 28, United States Code, Section 2254, was referred to Magistrate Judge Michael H. Dolinger for a Report and Recommendation. In a Report and Recommendation filed on July 10, 2012, Magistrate Judge Dolinger recommended that the petition be denied.

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. In addition, it expressly called Petitioner's attention to Rule 72(b) of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Petitioner has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite Petitioner's waiver, the Court has reviewed the petition and Magistrate Judge Dolinger's Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Torres's sole claim is that the state trial court erred in failing to sanction the prosecution for its belated production of a eyewitness's statement, which allegedly prevented Torres from calling the eyewitness at trial. As Magistrate Judge Dolinger explained in his thorough and well-reasoned Report and Recommendation, however, the state appellate court "reasonably, and indeed correctly," held that the eyewitness's statement was not favorable to Torres, but rather reinforced the prosecution's case. (Report and Recommendation at 24-26). Additionally, given the strength of the evidence against Torres, among other factors, it cannot be said that the eyewitness's statement was material or that, had it been disclosed, the result of the trial would have been different. (*Id.* at 26-27). Finally, the prosecution did, in fact, disclose the eyewitness statement

to Torres. To be sure, it did so on the eve of trial, but there is no reason to believe that the eyewitness would have been available to testify had the disclosure come sooner. (*Id.* at 28-29). Notably, Torres's counsel did not raise any issue with respect to the statement for approximately two weeks after receiving it. (*Id.* at 29). One imagines that, had counsel really believed that the eyewitness statement was material and favorable to Torres, he would have raised it sooner.

Accordingly, it is hereby ORDERED that Magistrate Judge Dolinger's Report and Recommendation dated July 10, 2012, is ADOPTED in its entirety and that Petitioner's petition for the writ of habeas corpus is DENIED. The Clerk of Court is directed to enter a judgment in favor of Respondent, to mail a copy of this Order to the Plaintiff, and to close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 9, 2012
      New York, New York

_____
JESSE M. FURMAN
United States District Judge